## Lehman Township v. Lehman Township Poor District et al.

*J. R. Scouton*, for plaintiff.

*J. Q. Creveling* and *R. L. Coughlin*, for defendants.

FARRELL, J., June 9, 1938.—This is a petition for a declaratory judgment in the nature of a case stated, all the facts being agreed upon by the interested parties.

The petition prays for an interpretation of the County

Institution District Law of June 24, 1937, P. L. 2017, and for an adjudication of certain questions relative to tax funds in the hands of the township treasurer, subject to the order of the township overseers of the poor, as to the uncollected poor taxes on the 1937 duplicate, as to disposition of tax liens filed by the said poor district in the office of the county commissioners.

Prior to the passage of the County Institution District Law, supra, the Poor District of Lehman Township, Luzerne County, was an independent district coterminous with the Township of Lehman.

The provisions of the County Institution District Law to be considered in disposing of the questions submitted are:

Article VI, sec. 601:

"Every independent poor district, lying wholly or partly within any county, is hereby abolished, except to the extent necessary to liquidate its affairs. . . . The commissioners [county commissioners] are hereby constituted the poor directors of every district lying in only one county for the purpose of paying its obligations."

Section 602:

"(a) Where an independent poor district lies in only one county, the real and personal property of any such district coterminous with a municipality is hereby transferred to and vested in such municipality. . . .

"(b) If an independent poor district has any outstanding obligations, the commissioners, as poor directors of the district, shall receive from the municipality or municipalities, and they shall pay to the commissioners, any moneys transferred or any money realized by the municipality or municipalities from any property transferred and vested by this section, not, however, exceeding the amount of such obligations, and the commissioners shall apply such sums to meet the obligations of the independent poor district."

Article I, sec. 105 provides:

"All poor districts in this Commonwealth shall con-

tinue to function and care for the poor during the remainder of the calendar year one thousand nine hundred and thirty-seven, and, for such purposes, shall have all the powers and authority, and be subject to all the limitations provided by law: Provided, however, That where any poor district shall have in its treasury cash assets sufficient to pay its estimated liabilities and expenditures during the calendar year one thousand nine hundred and thirty-seven, in whole or in part, then no tax levy or a reduced tax levy corresponding to its cash assets shall be imposed for said year. It is the intent of this section that, during the year one thousand nine hundred and thirty-seven, no poor district shall levy taxes in excess of the amount actually required for its purposes, taking into consideration the amount of cash assets on hand."

The relevant facts are:

1. The township treasurer holds a balance of $1,077.27 of tax moneys, and also books and records, belonging to the poor district.

2. Part of the 1937 poor levy has been collected and part remains uncollected.

3. There are certain liens filed for poor district taxes levied for years prior to 1937.

4. The last audit, December 27, 1937, shows the following liabilities of the poor district: Danville State Hospital, $13.29; United Charities, $6.64. There are no outstanding obligations that require immediate payment.

Respective demands have been made on the overseers of the poor by the county commissioners and by the Township of Lehman, through its supervisors, for the balance held by the township treasurer for the use of the overseers of the poor of said township.

Under section 602(a) of article VI of the act, the property formerly vested in the poor district, including the tax fund in hand, is now vested in the township. Under subdivision (b) of the same section, the township is required to pay to the county commissioners enough to discharge the poor district's outstanding obligations, which

the county commissioners are required to pay under section 601.

We hold the levy of 3 mills poor tax for the year 1937 legal, as it was made in January 1937, some months before the passage of the County Institution District Law of 1937.

As the decree hereinafter framed provides for the collection of the balance of the duplicate for 1937, all the taxpayers of the district will be treated alike; and as the poor district was coterminous with the township, the taxpayers of the municipality will receive the benefit of the proceeds of the poor tax levy, and with proper management and administration of the affairs of the township, the taxpayers will save in a reduced tax millage in the future the excess in poor rate taxation which they have been obliged to pay for the year 1937. The tax collector should proceed to complete his collection of the 1937 poor taxes and settle his duplicate, which, in our judgment, should be done by September 1, 1938.

We believe all of the questions raised by the petition will be solved by the following

### Decree

Ordered, adjudged, and decreed that the tax collector proceed to the collection of the balance of uncollected poor taxes levied for the year 1937, pay same monthly to the township treasurer, to the use and subject to the order of the overseers of the poor of said district, and settle his duplicate on or before September 1, 1938; that within 30 days thereafter the treasurer of said township, upon proper order or voucher of the overseers of the poor of said district, shall pay from said tax fund to the county commissioners a sum sufficient to pay all outstanding obligations of said poor district up to January 1, 1938; that within the same period, the balance from any source remaining in the hands of the township treasurer, to the use of the overseers of the poor of said district, shall, upon proper order or voucher of the overseers of the poor,

be transferred by the treasurer of said township to the general township fund, subject to control and disbursement of the supervisors of said township, for general township purposes, and within said period, upon proper order or assignment, any and all other property, including books and records, of said poor district shall be transferred and delivered by the overseers of said poor district to the supervisors of said township, including all delinquent poor taxes and liens filed for unpaid poor taxes, which, when collected and paid, shall be transferred to the township treasurer and deposited in the general fund of said township, subject to control and disbursement of the township supervisors for general township purposes.